```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MAHMOOD SAMII AND          :        CIVIL ACTION
LORRAINE A. SAMII          :
                           :
v.                         :
                           :
ALLSTATE INSURANCE CO.     :        NO. 10-cv-2408-JF

MEMORANDUM

Fullam, Sr. J.                                August 12, 2010

Plaintiffs began this lawsuit on August 14, 2006, by filing a praecipe for a writ of summons in the Court of Common Pleas of Chester County, Pennsylvania.  A complaint was not served until May 14, 2010.  On May 21, 2010, Defendant removed the case to this court on the basis of diversity jurisdiction.  Plaintiffs have now filed a motion for remand, which Defendant opposes.

Although diversity of citizenship exists and the amount in controversy is met, the case will be remanded because removal was untimely.  The federal removal statute provides that Defendant must file a notice of removal within 30 days after it receives a copy of the initial pleading setting forth a claim for relief.  28 U.S.C. § 1446(b).  If it is not apparent from the initial pleading that the case is removable, Defendant may file a notice of removal within 30 days after receiving a paper or pleading which reflects that the case has become removable, "except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity

jurisdiction] more than 1 year after commencement of the action." Id.  Under Pennsylvania law, an action is commenced by filing either a complaint or a praecipe for a writ of summons with the prothonotary.  Pa. R. Civ. P. 1007.

As noted, Plaintiffs commenced this case by filing a praecipe for a writ of summons in 2006.  The parties apparently agree that the writ of summons was not removable because it did not reflect that diversity jurisdiction existed, and that there was no basis for removal until Defendant was served with the complaint on May 14, 2010.  Defendant filed a notice of removal on May 21, 2010, well within 30 days after service of the complaint, but over three years after the case was commenced, making removal untimely.  Defendant is not excused from the one-year deadline simply because the writ of summons did not provide a basis for removal.

Defendant argues that the court should apply an equitable exception to the one-year deadline and keep the case in federal court.  See Various Plaintiffs v. Various Defendants, 673 F.Supp. 2d 358, 364 (E.D. Pa. 2009). Defendant asserts that Plaintiffs did not vigorously prosecute the action because a complaint was not filed for over three years, and during much of that time the case was stayed in state court pending the resolution of a related case.  Defendant further argues that it would have been unreasonable for it to have filed a praecipe to

require Plaintiffs to file a complaint as it could have done because Plaintiffs were pursuing similar claims in the related action and could only recover for their injuries once.

Defendant has not provided any compelling reasons for the court to apply an equitable exception. Defendant appears to have consented to the stay, and, in any event, the case was pending for nearly a year before being stayed and again for months after the related case had been resolved. In short, Defendant was content to let the action sit, and thereby lost the opportunity to remove it to federal court.

Plaintiffs have requested attorney's fees and costs, but, given the unusual procedural history of this case, that request will be denied.

An Order follows.

BY THE COURT:


 /s/ John P. Fullam
John P. Fullam,   Sr. J.